IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONNIE ZUNIGA | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-08-CV-0849-N |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Ronnie Zuniga, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

Petitioner pled guilty to robbery and was sentenced to 60 years confinement. His conviction and sentence were affirmed on direct appeal. *Zuniga v. State*, No. 05-04-01111-CR, 2005 WL 2951450 (Tex. App.--Dallas, Nov. 7, 2005, no pet.). Petitioner also filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Zuniga*, No. 68,763-02 (Tex. Crim. App. Apr. 9, 2008). Petitioner then filed this action in federal district court.

II.

In his sole ground for relief, petitioner complains that the trial court failed to instruct the jury on the lesser included offense of unauthorized use of a motor vehicle.[1]

---

[1] Although petitioner pled guilty to robbery, he asked the jury to assess punishment. It is the charge on punishment to which petitioner objects.

Respondent has filed a preliminary response suggesting that this case is barred by the AEDPA statute of limitations. Petitioner addressed the limitations issue in a pleading filed on June 12, 2008. The court now determines that the habeas petition is time-barred and should be dismissed.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner pled guilty to robbery and was sentenced to 60 years confinement. His conviction was affirmed by the court of appeals on November 7, 2005, and petitioner did not seek further review in the Texas Court of Criminal Appeals. Therefore, petitioner's conviction became final 30 days thereafter on December 7, 2005. *See* TEX. R. APP. P. 68.2 (petition for discretionary review must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires). Petitioner filed an application for state post-conviction relief on June 28, 2007. The application was denied on April 9, 2008. Petitioner filed this action in federal court on May 15, 2008.

The AEDPA statute of limitations started to run on December 7, 2005, when petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). Yet petitioner did not seek state post-conviction relief until June 28, 2007--more than 18 months later. In an attempt to excuse this delay, petitioner argues that his attorney, Scottie D. Allen, never filed a PDR or a state writ of habeas corpus as promised, and failed to communicate with petitioner about his efforts in that regard. (*See* Pet. Reply at 1-2). Equitable tolling may be available to a habeas petitioner who is deceived by his attorney into believing that a timely appeal or post-conviction proceeding had been filed on his behalf. *See United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 2630 (2003); *United States v. Wynn*, 292 F.3d 226, 230-31 (5th Cir. 2002). However, "[a]n attorney's claim that he will prospectively act is generally insufficient to toll the statute of limitations." *Lemons v. Cain*, No. 07-1451, 2008 WL 53744 at *2 (W.D. La. Jan. 3, 2008). Moreover, there must be some evidence that the petitioner reasonably relied on his attorney's deceptive misrepresentation. *See Olivo v. Quarterman*, No. 3-06-CV-2399-L, 2007 WL 4205874 at *7 (N.D. Tex. Nov. 27, 2007),

*appeal filed*, Dec. 17, 2007 (No. 08-10002). Here, there is no allegation, much less proof, that Allen intentionally misrepresented to petitioner that a PDR or a state writ of habeas corpus had already been filed. Rather, petitioner claims only that Allen failed to file a PDR and a state writ as promised. Equitable tolling is not warranted under these circumstances. *See also Schlueter v. Varner*, 384 F.3d 69, 76-78 (3d Cir. 2004), *cert. denied*, 125 S.Ct. 2261 (2005) (equitable tolling not available to prisoner who could have learned that counsel did not file state writ within limitations period); *Olivo*, 2007 WL 4205874 at *7 (counsel's failure to pursue habeas relief, as stated in client retainer agreement and later promises, did not warrant equitable tolling); *Garza v. Dretke*, No. SA-04-CA-0645-XR, 2004 WL 2385002 at *2 (W.D. Tex. Oct. 25, 2004) (equitable tolling not available where prisoner merely alleged that counsel represented he was going to file a habeas petition, "not that a habeas petition had indeed been filed").

Even if petitioner initially relied on Allen to file a PDR and a state writ, his continued reliance for more than a year while the limitation clock ticked away was unreasonable. The deadline for filing a PDR was December 7, 2005. When Allen missed that deadline, petitioner should have been on notice that his attorney was not abiding by the terms of his retainer contract. That petitioner continued to rely on Allen to file a state writ, even after he repeatedly failed to communicate with petitioner, was even more unreasonable. "At some point in time if Petitioner's counsel would not warrant that the habeas petition had been filed, it would have been reasonable for a client to pull the file from his attorney and possibly prevent any limitations issue." *Garza*, 2004 WL 2385002 at *2. Such is the case here. Petitioner is not entitled to equitable tolling based on counsel's failure to file a PDR or a state writ of habeas corpus on his behalf.

# RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 30, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE